## HUGH H. SCHWEITZER *et al.*

### *v.*

### FREDERICK BŒTTCHER.

ARREST—*warrant for violation of ordinance.* Where the charter of a town provides, that " in all prosecutions for the violation of any ordinances, by-laws, police or other regulations, the first process shall be a summons, unless oath or affirmation be made for a warrant, as in other cases," a warrant may be issued for the arrest of a party upon complaint, under oath or affirmation, of the violation of an ordinance.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. S. M. DAVIS, for the appellants.

Messrs. BRANDT & HOFFMAN, for the appellee.

Per CURIAM: This was a suit in trespass for an assault and battery and false imprisonment, brought by the appellee, Bœttcher, against the appellants, Schweitzer, Ingalls, Gray, Powell, Goodman, Austin, Spencer Kimball, and Julius Kimball, wherein there was a recovery of a verdict and judgment against all the appellants for $2000.

The trespass complained of consisted in the arrest and imprisonment of appellee under a warrant issued against him by Ingalls, police magistrate of the town of Jefferson, in Cook county, for a violation of an ordinance of the town of Jefferson prohibiting the depositing of night soil or other offensive

19—84TH ILL.

matter on any premises in said town. The warrant was issued upon the written complaint of Gray, the president of the board of trustees of the town. Schweitzer was the captain of the police force of the town. Goodman was sergeant of police. Austin, the two Kimballs and Powell, at the time the arrest was made, went with Schweitzer as a posse, at his request, for the purpose of arresting some night scavengers, who were in the habit of hauling out from the city of Chicago, in the night time, and depositing on appellee's premises, the contents of their wagons.

Appellee was arrested on Saturday night, May 25, 1872, and placed in the town jail of Jefferson about 2 o'clock Sunday morning. On Monday morning, following, he was brought before the police magistrate, Ingalls, for trial, and at his own request the trial was postponed until the Wednesday following, and appellee, by the order of Ingalls, was remanded to the jail. On Wednesday morning his case was tried; he was fined $50, and refusing to pay the fine, he was again, by the order of Ingalls, committed to the jail, where he remained until Thursday, when he was brought out on writ of *habeas corpus,* and on Friday, May 31, 1872, was released.

It is insisted by the appellants, that the court below erred in giving this instruction to the jury, for appellee:

" The jury are instructed, as matter of law, that the laws and ordinances of the town of Jefferson, introduced in evidence in this case, did not authorize the arrest and imprisonment of any one for having or receiving night soil on his premises in the town of Jefferson; and if the jury believe, from the evidence in this case, that the defendants arrested and imprisoned the plaintiff for receiving night soil in the town of Jefferson, then such arrest and imprisonment was not authorized by and was contrary to law, and the jury should find the defendants guilty."

The ordinance in question, and the only one introduced in evidence, provides merely that any person, on conviction thereunder, shall be fined in a sum not less than $25 nor more than

$100.   The special act under which the town of Jefferson was incorporated, (Private Laws 1869, vol. 3, p. 804, sec. 9,) provides, that "in all prosecutions for the violation of any ordinances, by-laws, police or other regulations, the first process shall be a summons, unless oath or affirmation be made for a warrant, as in other cases." It is contended, on the part of appellants, that this section of the town charter authorized the issuing of the warrant. The section, in this respect, may, perhaps, be said to be somewhat vague in meaning, but we are of the opinion that its fair construction is, to authorize the issue of a warrant upon the making of the oath or affirmation therein named. Complaint, under oath, was made of the violation of the ordinance, and asking that the defendant might be arrested and fined.

Hence, the giving of the instruction was erroneous, and the judgment is reversed and the cause remanded.

                              *Judgment reversed.*


Mr. CHIEF JUSTICE SHELDON, dissenting:   Although the section quoted from the special act incorporating the town of Jefferson does afford some ground of implication, that upon oath or affirmation being made for a warrant, one may issue, there is no express authority thereby given for the issue of a warrant to arrest. As a fine only, and no imprisonment, is the punishment prescribed for a violation of the ordinance, and there is no provision made by the ordinance, or otherwise, for imprisonment until the fine imposed shall be paid, no proper purpose is perceived for the making of an arrest on a warrant, and having the body of the defendant before the magistrate; and in such existing circumstances, I can not think that, under a proper interpretation of the section referred to, it gives the authority to issue a warrant for arrest.